<u>UNPUBLISHED</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4400**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TYREE MAURICE BLANKS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.   Terry L. Wooten, District Judge. (CR-03-388)

Submitted:  December 21, 2005         Decided:  January 26, 2006

Before LUTTIG, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William I. Diggs, DIGGS, DIGGS & AXELROD, Myrtle Beach, South Carolina, for Appellant.  Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Tyree Maurice Blanks appeals his life sentence that was imposed following his plea of guilty to two counts of a four-count superseding indictment: possession and intent to distribute a quantity of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000) and 18 U.S.C. § 2 (2000) ("Count Two"), and possession and use of a firearm in furtherance of a drug trafficking crime, and in the course thereof, causing the death of Joel Briggs, in violation of 18 U.S.C. § 924(c) and (j)(1) (2000) ("Count Three"). Blanks' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), arguing that Blanks' sentence was unreasonable in light of his age and immaturity, and that the district court erred in accepting Blanks' guilty plea. Blanks filed a pro se brief arguing that the district court's acceptance of his plea was improper, and that the sentencing court violated his Sixth Amendment rights as announced in United States v. Booker, 543 U.S. 220 (2005), by imposing a two-level enhancement for obstruction of justice based on judicially-determined facts. We affirm.

After the Supreme Court's decision in Booker, a sentencing court is no longer bound by the range prescribed by the Sentencing Guidelines. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). In determining a sentence post-Booker, however, sentencing courts are still required to calculate and consider the Guideline range prescribed thereby as well as the factors set forth

- 2 -

in 18 U.S.C.A. § 3553(a). <u>Id.</u> As stated in <u>Hughes</u>, this court will affirm a post-<u>Booker</u> sentence if it is both reasonable and within the statutorily prescribed range. <u>Id.</u> at 546-47.

This court has further stated that "while we believe that the appropriate circumstances for imposing a sentence outside the Guideline range will depend on the facts of individual cases, we have no reason to doubt that most sentences will continue to fall within the applicable Guideline range." <u>United States v. White</u>, 405 F.3d 208, 219 (4th Cir.), <u>cert. denied</u>, 2005 WL 3027841 (U.S. Nov. 14, 2005) (No. 05-6981).

The court sentenced Blanks only after considering and examining the Sentencing Guidelines and the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005). At sentencing, Blanks stated that he did not dispute the facts underlying the obstruction of justice enhancement. The district court correctly determined the Guideline range and appropriately treated the Guidelines as advisory. Because the court sentenced Blanks within the applicable Guideline range and the statutory maximum, and no compelling reason has been advanced to demonstrate that the Guideline range was inappropriate, we find that Blanks' sentence of life imprisonment is reasonable. It is further clear that the district court's imposition of a life sentence upon Blanks fully comported with all <u>Booker</u> requirements.

- 3 -

The remaining claims raised by Blanks and his attorney are similarly without merit. First, the district court did not err in accepting Blanks' guilty plea despite the absence of one of his two attorneys from the proceeding because Blanks plainly waived the presence of his second attorney. Blanks' contention that his guilty plea should not have been accepted fails because the plea hearing demonstrates there was an ample factual basis presented as to all statutory elements. Finally, contrary to Blanks' contention, the statutes implicated in Count Three are plainly substantive offenses and not merely "penalty" statutes.

In accordance with <u>Anders</u>, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm Blanks' conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 4 -